# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **PATRICIA HAMBLIN,** | ) | |
| | ) | |
| **Plaintiff / Counter-Defendant,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:21-cv-00816** |
| | ) | |
| **WILSON COUNTY, TENNESSEE,** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE HOLMES** |
| **Defendant** | ) | |
| | ) | |
| **LISA COLTOGIRONE,** | ) | |
| | ) | |
| **Defendant / Counter-Plaintiff** | ) | |

## MEMORANDUM

Pending before the Court is a Motion to Dismiss Counterclaim filed by Plaintiff/Counter-Defendant Patricia Hamblin (Doc. No. 20), to which Defendant/Counter-Plaintiff Lisa Coltogirone responded. (Doc. No. 24).

## I.      BACKGROUND

Defendant/Counter-Plaintiff Lisa Coltogirone ("Coltogirone") served a Director of Judicial Commissioners for Wilson County. (Counterclaim, Doc. No. 17 ¶ 5). As Director, Coltogirone supervised a staff of eight Judicial Commissioners, including Plaintiff/Counter-Defendant Patricia Hamblin ("Hamblin"). (*Id.*).

Coltogirone claims Hamblin "engaged in the publication of false and defamatory stories" that during office hours at the Judicial Commissioner's office Coltogirone exposed her crotch and vagina to Hamblin. (*Id.* ¶ 6). Coltogirone claims Hamblin "has communicated and published this false account of the alleged body part exposure to other third parties, who, one can reasonably expect and anticipate, understood the defamatory nature of the comments about the body part

exposure." (*Id*. ¶ 8). Coltogirone adds, "[u]pon information and belief, Hamblin has also published or caused to be published the defamatory claims on social media and in other forms of both written and spoken communication." (*Id*.). She alleges that these false statements damaged her reputation in the community. (*Id*. ¶ 14).

Coltogirone alleges another Judicial Commissioner Chris Miller made similar claims about her having made "inappropriate and sexually suggestive positions with her body while she was physically near him or in his office." (*Id*. ¶ 9). Wilson County hired an outside attorney to investigate the claims. (*Id*.). After conducting an investigation, which included interviewing Miller and Hamblin, the attorney concluded that the claims that Coltogirone exposed herself could not be substantiated. (*Id*. ¶ 10).

Coltogirone brings counterclaims against Hamblin for defamation, defamation by implication, and false light. (*Id*. at PageID# 84-85). Hamblin seeks to dismiss all counterclaims for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*.  A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most

favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.    ANALYSIS

To establish a prima facie claim for defamation under Tennessee law, a plaintiff must establish that (1) a party published a statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem. Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999) (citing Restatement (Second) of Torts § 580 B (1977)). "Publication" in this context means the communication of defamatory matter to a third person. *Id*. A claim for defamation by implication has the same elements except that the defendant may be liable if an otherwise true statement implies facts that are not true. *Loftis v. Rayburn*, No. M2017–01502–COA–R3–CV, 2018 WL 1895842 at * 5 (Tenn. Ct. App. Apr. 20, 2018).

The related tort of false-light invasion of privacy requires: "(1) publicity, (2) that places the plaintiff in a false light, (3) that is 'highly offensive to a reasonable person,' and (4) that the defendant knew of or acted with reckless disregard to the 'falsity of the publicized matter and the false light in which the other would be placed.'" *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 601 (6th Cir. 2013) (citing *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 643-44 (Tenn. 2001)).

3

Hamblin argues the "scant allegations" in the Counterclaim fail to state a plausible claim for defamation. She asserts that she cannot determine that she is liable for the misconduct alleged because the counterclaim does not state where or in what context the allegedly defamatory statements were made. Hamblin contends the alleged defamatory statement "could only have been made in one of three contexts: 1) During her interview with the attorney hired by Wilson County to investigate possible workplace harassment, 2) in her complaint with the EEOC, or 3) in Plaintiff's complaint." She asserts that all of these contexts are protected by law. Hamblin, does however, acknowledge that the Counterclaim refers to publication of the statements on "social media" and "in other forms of both written and spoken communications," but argues that such "skeletal" allegations are so vague that she cannot defend herself against the asserted claims.

Coltogirone concedes that Hamblin "perhaps has valid points or arguments that some of the speech offered as part of the investigation is protected, and therefore cannot be used as a basis for a slander claim against Plaintiff." (Doc. No. 24 at 4). She argues that the Investigation Report, which states that it was "obvious" Miller and Hamblin had discussed Coltogirone's alleged conduct, at least raises the inference that Hamblin discussed the issues with Chris Miller in contexts that were not protected speech. (*Id.* at 4 (citing Investigation Report, Doc. No. 25-1)).

As an initial matter, the Court finds that the Investigation Report is not properly before the Court. "Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss" unless they are "referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Seaton v. TripAdvisor, LLC*, 728 F.3d 592, 596 (6th Cir. 2013) (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997)). Although the Counterclaim references the investigation of harassment, it does not reference the Investigation Report itself, nor is there any suggestion that the Investigation Report is "central" to Coltogirone's claims. Accordingly, the

4

Court will not consider the Investigation Report for purposes of ruling on the pending motion to dismiss.

Even without consideration of the Investigation Report, the Court finds the allegations in the Counterclaim sufficient to plausibly allege claims for defamation and false light. Coltogirone has alleged that a specific false statement was communicated to others, that Hamblin knew the statement was false, that the statement placed her in a false light that was highly offensive to a reasonable person, and that she suffered damage to her reputation as a result of the publication. Hamblin's argument that the alleged publication "could only have been made" in certain protected contexts is a factual defense to the claims that will undoubtedly be relevant to Coltogirone's ability to prove her claims, but is not relevant to the question now before the Court – whether Coltogirone has stated a claim upon which relief may be granted. Moreover, the Court notes that Hamblin has not moved for a more definite statement or pointed to any authority suggesting that a plaintiff is required to plead a defamation claim with particularity.

## IV.    CONCLUSION

For the reasons stated, the Court finds the allegations provide adequate notice of the asserted claims under the standard required by Fed. R. Civ. P. 8. The Motion to Dismiss Counterclaim (Doc. No. 20) will be **DENIED**.

An appropriate Order will enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5